**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robert Simons,<br><br>    Plaintiff,<br><br> v.<br><br>Chase Receivables, Inc.; and<br> DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:13-cv-10095<br><br><br><br>**COMPLAINT** |

   For this Complaint, the Plaintiff, Robert Simons, by undersigned counsel, states as follows:

## JURISDICTION

   1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

   2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

   3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

   4. The Plaintiff, Robert Simons ("Plaintiff"), is an adult individual residing in Revere, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Chase Receivables, Inc. ("Chase Receivables"), is a California business entity with an address of 951 California Boulevard, Napa, California 94559, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Chase Receivables and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Chase Receivables at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $389.00 (the "Debt") to Home Shopping Network (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Chase Receivables for collection, or Chase Receivables was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Chase Receivables Engages in Harassment and Abusive Tactics

12.    In September 2012, Defendants began placing up to three calls a day to Plaintiff at his cellular telephone in an attempt to collect the Debt.

13.    Defendants contacted Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

14. During the initial communication and during each communication thereafter, Plaintiff informed Defendants that he would not make a payment over the telephone and requested that Defendants send him a letter concerning the Debt.

15. Defendants failed to send the requested letter in a timely fashion and continued to demand that Plaintiff provide payment method over the phone.

16. In the beginning of January 2013, Plaintiff requested that Defendants cease contacting him with Robocalls.

17. Nonetheless, Defendants continued to place Robocalls to Plaintiff up to three times a day, approximately three days a week.

18. Furthermore, Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

34. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

35. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 15, 2013

Respectfully submitted,

By __/s/ Sergei Lemberg__

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff